stances, then, KPC would have to pay Foothill under the Operations and Office Agreements.

Recoupment, however, allows entities to apply their mutual debts that arise from the same transaction against each other. *Newbery*, 95 F.3d at 1390. Here, in the Intercreditor Agreement, KPC subordinated to Foothill's senior security interest any right to recoupment to which KPC may otherwise have been entitled. Viewing the evidence in the light most favorable to Foothill, we will give effect to the meaning of the Intercreditor Agreement as thus construed. *See Oregon Trail Elec. Consumers Coop., Inc. v. Co–Gen Co.*, 168 Or.App. 466, 7 P.3d 594, 600–06 (Or.Ct. App.2000) (setting forth Oregon's rules of contract interpretation). Whether or not KPC's action would be proper in the absence of the Intercreditor Agreement, the express terms of the Intercreditor Agreement are controlling.

### III. Conclusion

We hold that, under Oregon law, the district court correctly construed the Asset Purchase Agreement and the Ancillary Agreements together as one contract. Thus, we affirm the district court's grant of summary judgment on the issue of the proceeds of the equipment sale. However, the district court erred when it failed to give meaning to the Intercreditor Agreement's language treating a claim of recoupment as a subordinated security interest; therefore we reverse the district court's grant of summary judgment on the issue of recoupment. The case is remanded for further proceedings consistent with this disposition.

* The Honorable James L. Robart, United States District Judge for the Western District of Washington, sitting by designation.

AFFIRMED in part, REVERSED in part, and REMANDED. Neither party to recover costs.

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Kenneth SMITH, Defendant–Appellant.**

No. 03–10652.

D.C. No. CR02–40007–SBA.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 15, 2005.

Decided April 25, 2005.

Merry Jean Chan, Oakland, CA, for Plaintiff–Appellee.

John Paul Reichmuth, Esq., Oakland, CA, for Defendant–Appellant.

Before THOMAS, FISHER, Circuit Judges, and ROBART, District Judge.*

MEMORANDUM **

Appellant Kenneth Smith ("Smith") seeks review of an issue that he did not

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

raise in the district court: whether California Vehicle Code Section 12801.5(e) renders his arrest unlawful. If the arrest was unlawful, the parties concede that the search incident to the arrest that led to the discovery of a firearm in Smith's possession was also unlawful, and that Smith would not have pleaded guilty to being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1).

Section 12801.5(e) provides in relevant part that "a peace officer may not detain or arrest a person solely on the belief that the person is an unlicensed driver." Cal. Veh.Code § 12801.5(e). Smith contends that he was arrested solely because he was an unlicensed driver, and that his arrest was therefore unlawful. The government argues that the police did not arrest Smith solely because he was unlicensed, and also that section 12801.5(e) is not relevant to whether Smith's arrest violated the Fourth Amendment.

The parties raised none of these arguments in the district court and ask us to review the district court decision for plain error. We decline to do so. Because Smith never argued the applicability of section 12801.5(e), the government had no reason to focus on alternative justifications for Smith's arrest during district court proceedings. It also had no reason to address whether the Supreme Court's decision in *Atwater v. City of Lago Vista,* 532 U.S. 318, 121 S.Ct. 1536, 149 L.Ed.2d 549 (2001) and our own in *Bingham v. City of Manhattan Beach,* 341 F.3d 939 (9th Cir. 2003) dictate that section 12801.5(e) has no effect on whether Smith's arrest violated the Fourth Amendment.

We decline to decide these issues. *See United States v. Carbajal,* 956 F.2d 924, 931 (9th Cir.1992) (noting that appellate court cannot resolve fact-dependent suppression issues in the first instance). We vacate the order denying Smith's motion to suppress evidence, and remand this case to the district court with instructions to consider the lawfulness of the search of Smith in light of the parties' new arguments.

VACATED and REMANDED with instructions.